UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY R. KOSTERMAN,

                    Plaintiff,

          v.                                        Case No. 20-cv-1723-bhl

NEILL GILBERTSON, WES RAY, and
BADGER STATE INDUSTRIES,

                    Defendants.

## SCREENING ORDER

        Plaintiff Timothy R. Kosterman, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Kosterman's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

        Kosterman has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Kosterman has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $9.10. Kosterman's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Kosterman is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## BACKGROUND ALLEGATIONS

Kosterman explains that, despite submitting multiple employment applications over an almost three-year period and meeting the hiring guidelines set forth by defendant Badger State Industries, defendant Neill Gilbertson refuses to hire him. Kosterman asserts that he has eighteen years of relevant experience, but Gilbertson will not even give him an interview even though there is a stated need for inmate workers. Kosterman alleges that Gilbertson's refusal to hire him violates guidelines by defendant Wes Ray, the B.C.E. director.

According to Kosterman, a prison official asked Gilbertson if he was looking for inmate workers. After initially saying yes, Gilbertson allegedly changed his mind after hearing Kosterman's name. Gilbertson also allegedly rehired several former inmate workers without giving Kosterman an interview, contrary to administrative code provisions.

Kosterman seeks damages and injunctive relief.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). It appears that the company Gilbertson works for contracts with Badger State Industries, which is operated by the state of Wisconsin. For purposes of screening, the Court will assume Gilbertson is a state actor.

Kosterman asserts an equal protection claim on the basis that Gilbertson arbitrarily treated him differently from other inmates when Gilbertson refused to hire him. Equal protection claims

3

generally involve government actions that "affect some groups of citizens differently than others." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008) (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)). "Plaintiffs in such cases generally allege that they have been arbitrarily classified as members of an 'identifiable group.'" *Id.* Nothing in Kosterman's complaint suggests that Gilbertson is refusing to hire him because he is a member of a group defined by, for example, his race, gender, or religion. Instead, Kosterman's complaint suggests that Gilbertson has singled him out.

While the Supreme Court has recognized a class-of-one theory of equal protection where a plaintiff alleges that he "has been irrationally singled out," the Supreme Court has clarified that the theory does not apply in the employment context. *Engquist*, 553 U.S. at 605. "To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Id.* Because hiring decisions "involve discretionary decisionmaking based on a vast array of subjective, individualized assessments[,]…treating like individuals differently is an accepted consequence of the discretion granted." *Id.* at 603. Accordingly, Kosterman fails to state an equal protection claim.

Kosterman's allegations that Gilbertson violated the administrative code when he hired former inmates without first interviewing Kosterman also fails to state a claim. "[A] violation of a state policy by itself does not give rise to a constitutional claim. *Harris v. Manlove*, 799 F. App'x 423, 426 (7th Cir. 2020) (citing *Tucker v. City of Chi.*, 907 F.3d 487, 494 (7th Cir. 2018)).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Kosterman's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

4

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $340.90 balance of the filing fee by collecting monthly payments from Kosterman's prison trust account in an amount equal to 20% of the preceding month's income credited to Kosterman's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Kosterman is transferred to another institution, the transferring institution shall forward a copy of this Order along with Kosterman's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of January, 2021.

s/ *Brett H. Ludwig*
_____
BRETT H. LUDWIG
United States District Judge

5

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.